■ GMCK REALTY, LLC, Respondent, v DENNIS MIHALATOS et al., Appellants. [944 NYS2d 220]—

In an action, inter alia, to recover damages for breach of contract and violation of the trust fund provisions of the Lien Law, the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), dated July 13, 2011, which granted the plaintiff's motion pursuant to Judiciary Law § 753 to hold them in civil contempt for failure to comply with a so-ordered

948

stipulation dated June 10, 2009, and for failure to deposit a bond as directed by the Supreme Court, and thereupon, in effect, directed the defendant Dennis Mihalatos to be incarcerated, struck their answer and counterclaims, and imposed sanctions upon and awarded an attorney's fee against them. By decision and order on motion of this Court dated August 1, 2011, the incarceration of the defendant Dennis Mihalatos was stayed pending hearing and determination of this appeal.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion pursuant to Judiciary Law § 753 is denied, the answer and counterclaims are reinstated, and the directives in the order imposing sanctions upon and awarding an attorney's fee against the defendants, and directing the incarceration of the defendant Dennis Mihalatos, are vacated.

The plaintiff is the owner of property located in Astoria. The defendant was retained to perform construction and renovation work on the property. In the course of the project, certain subcontractors, who had not been paid for the services they rendered at the property, demanded payment directly from the plaintiff or filed mechanics liens on the property. Thereafter, the plaintiff sought a verified statement from the defendants regarding the funds that it tendered to them that were subsequently paid out to subcontractors. The defendants were unresponsive to this demand. Shortly after commencement of this action, the plaintiff moved, by order to show cause, "for an order pursuant to § 77 of article 3-A of the Lien Law to compel defendants to provide a complete accounting of monies and trust assets received." On June 10, 2009, the parties entered into a stipulation, which was so-ordered by the Supreme Court, wherein the defendants were directed "to provide a [certified] accounting as required by Lien Law § 75 within 30 days." In response, the defendants produced certain documentation. However, by letter dated August 5, 2009, the plaintiff rejected the response, and alleged that the submitted documents did not satisfy the requirements of sections 75 and 76 of the Lien Law.

By order to show cause dated October 5, 2009, the plaintiffs moved, inter alia, pursuant to Judiciary Law § 753 to hold the defendants in contempt for their failure to comply with the so-ordered stipulation dated June 10, 2009. In an order dated January 18, 2011, the Supreme Court directed the parties to appear on March 1, 2011, for a conference on the motion. The record discloses that the parties and their attorneys appeared in court on March 1, 2001, as well as on five subsequent adjourned dates, and that during these sessions, the Supreme Court entertained argument, took testimony, and conducted hearings relative to

the relief requested by the plaintiff. The last of these hearings took place on July 13, 2011. During the course of these sessions, the Supreme Court also initially directed the defendants to post a bond in the sum of $150,000 to cover the amount of subcontractors' claims that had allegedly been paid by the plaintiff, and thereafter directed that the bond amount be increased to $250,000 "to purge . . . the contempt." The defendant Dennis Mihalatos testified at the hearing that he did not have the financial ability to furnish either of these bond amounts. In an order dated July 13, 2011, the Supreme Court, inter alia, granted the plaintiff's motion pursuant to Judiciary Law § 753, and held the defendants in contempt for their failure to comply with the so-ordered stipulation dated June 10, 2009, and for their failure "to furnish the bond directed by the court." The defendants appeal. We reverse.

"To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with contempt willfully violated a clear and unequivocal mandate of a court's order, with knowledge of that order's terms, thereby prejudicing the movant's rights" (Rubin v Rubin, 78 AD3d 812, 813 [2010]; see Judiciary Law § 753 [A] [3]; McCain v Dinkins, 84 NY2d 216, 225-226 [1994]; McGrath v McGrath, 85 AD3d 742, 742 [2011]; Matter of Philie v Singer, 79 AD3d 1041, 1042 [2010]). Additionally, the movant has the burden of proving contempt by clear and convincing evidence (see Matter of Philie v Singer, 79 AD3d at 1042; Vujovic v Vujovic, 16 AD3d 490, 491 [2005]).

The record discloses that, in response to the so-ordered stipulation dated June 10, 2009, the defendants produced copies of hundreds of checks, computer-printed tables of vendors, and various financial spreadsheets, as well as a "verification" statement from Mihalatos attesting to the truth of the documentation which was produced. While such documentation did not provide a complete accounting of trust funds in accordance with the provisions of the Lien Law, nevertheless, under all of the circumstances, it cannot be concluded that the defendants willfully violated the terms of the so-ordered stipulation dated June 10, 2009. Moreover, the defendants' failure to post the bond did not constitute a proper basis for the finding of contempt. Accordingly, the Supreme Court erred in granting the plaintiff's motion and holding the defendants in civil contempt (see Judiciary Law § 753; Penavic v Penavic, 88 AD3d 671, 672 [2011]; cf. Town Bd. of Town of Southampton v R.K.B. Realty, LLC, 91 AD3d 628 [2012]). For similar reasons, the Supreme Court erred in imposing the additional penalties of the striking of the de-

fendants' answer and counterclaims, imposing sanctions upon and awarding an attorney's fee against the defendants, and directing the incarceration of Mihalatos (*see generally Deans v Jamaica Hosp. Med. Ctr.*, 64 AD3d 744 [2009]).

In light of our determination, the defendants' remaining contentions have been rendered academic. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.